THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNAIA

KURT TOPFER,                              :
                                          : CIVIL ACTION NO. 3:18-CV-1544
        Appellant,                        : (JUDGE MARIANI)
                                          : (APPEAL FROM BANKRUPTCY COURT)
        v.                                :
                                          :
EVELYNE RUETIMANN TOPFER,                 :
                                          :
        Appellee.                         :
                                          :

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Kurt A. Topfer ("Appellant") filed a Notice of Appeal from Bankruptcy Court

(Doc. 1) concerning Bankruptcy Judge Robert A. Opel II's Order (Doc. 1-1) ("Remand

Order") granting the Motion for Remand of Removed Case filed by Appellee Evelyne

Ruetimann ("Appellee"). For the reasons explained below, the Court will affirm Bankruptcy

Judge Opel's Remand Order and will deny Appellant's appeal and pending motions.

### II. BACKGROUND

On May 9, 2018, Appellant filed a Voluntary Petition under Chapter 7 of the

Bankruptcy Code. (*See* Case No. 5:18-bk-01966 at Doc. 1.) On June 6, 2018, Appellant

filed a Notice of Removal relating to a divorce action against Appellant by Appellee.[1] (*Id*. at

Doc. 18.) On June 28, 2018, Appellee filed a Motion for Remand of Removed Case. (*See*

Case No. 5:18-ap-00066 at Doc. 14.)

On July 25, 2018, following a hearing, Bankruptcy Judge Opel issued a

Memorandum Opinion (*id*. at Doc. 23) and Order remanding the divorce action to state court

(id. at Doc 27). The Opinion explained the basis for Bankruptcy Judge Opel's decision to

permissively abstain from hearing the divorce action filed in state court. In his Opinion,

Bankruptcy Judge Opel outlined his consideration of twelve (12) distinct factors for finding

that permissive abstention was appropriate with respect to the divorce action. *See In re*

*Topfer*, 587 B.R. 622, 632 (Bankr. M.D. Pa. 2018).

On August 3, 2018, Appellant filed his Notice of Appeal from Bankruptcy Court with

this Court. (Doc. 1.) On August 19, 2018, Appellant filed an Amended Notice of Appeal

raising many issues that are unrelated to his appeal of Bankruptcy Judge Opel's Remand

Order. (*See* Doc. 3.)

On August 21, 2018, Appellant filed a Statement of Facts relating to his appeal.

(Doc. 5.) On August 26, 2018, Appellant filed a "Notice of Late Filing of Appeal Request for

Two Day Continuance." (Doc. 6.) On August 28, 2018, Appellant filed an "Appelant's [sic]

Draft Brief" which, in part, argues that "This Court should [...] *reverse* a July 25th, 2018,

---

[1] The divorce action was filed as Case Number 2015-00384-00000 in the Court of Common Pleas of Luzerne County, Pennsylvania.

2

Bankruptcy Court Final Order granting **Remand and Lift Stay of Proceedings** of civil case 384 of 2015 to the lower court." (Doc. 7 at 7) (bold and italics in original).

On August 29, 2018, Appellant filed a "Motion for Retroactive Continuance." (Doc. 8.) On September 7, 2018, Appellant filed a Motion for a "TRO/Preliminary Injunction to Stay Proceedings in State Court Immediately Expedited Review Requested." (Doc. 19.) On October 5, 2018, Appellant filed a Motion for "Appointment of a Pro Bono Attorney." (Doc. 24.) On December 24, 2018, Appellant filed a Motion for "Immediate Preliminary Relief from Undue Hardship." (Doc. 26.) On January 9, 2019, Appellant filed a Motion for Leave to Appeal. (Doc. 27.) On January 11, 2019, Appellant filed a Supplemental Motion for Leave to Appeal. (Doc. 28.) On the same day, Appellant filed a second Motion to Expedite. (Doc. 29.) On February 22, 2019, Appellant filed a "Motion for Special Emergency Relief: Stay of Bankruptcy Court Proceedings." (Doc. 30.) On March 4, 2019, Appellant filed a Motion for Retroactive Continuance. (Doc. 32.) These motions, as well as the appeal of Bankruptcy Judge Opel's Remand Order, are ripe for the Court's review.

### III. STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). "The decision to permissively abstain ... [is a] final order[ ] reviewable by the district court." *In re BWP Gas,*

LLC, 354 B.R. 701, 705 (E.D. Pa. 2006); *see also In re Federal–Mogul Global, Inc.* 300 F.3d 368, 388–89 (3d Cir. 2002). Because Bankruptcy Judge Opel relied on the doctrine of permissive abstention in granting Appellee's Motion for Remand, this Court has jurisdiction over the appeal of that final order. *See In re Topfer*, 587 B.R. at 632.

A district court reviews a Bankruptcy Court's "legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Makris*, 482 Fed. Appx. 695, 698 (3d Cir.2012). "[W]hether the [bankruptcy] court erred in exercising its authority to permissively abstain is reviewed for abuse of discretion." *In re BWP Gas, LLC,* 354 B.R. at 705; *see also In re Federal–Mogul Global, Inc.* 300 F.3d at 388–89.

## IV. ANALYSIS

Appellant seeks review of Bankruptcy Judge Opel's Remand Order. (*See generally* Docs. 1 and 7.) Additionally, Appellant filed nine motions that are largely unrelated to Bankruptcy Judge Opel's Order. (*See* Docs. 8, 19, 24, 26, 27, 28, 29, 30, and 32.) The Court will address Appellant's basis for appealing and the pending motions each in turn.

### A. Bankruptcy Judge Opel's Remand Order

In his "Draft Brief" (Doc. 7) filed on August 28, 2018, Appellant outlines the basis for his appeal of Bankruptcy Judge Opel's Remand Order:

> The need to file this appeal arises from errors in a final order remanding claims for equitable distribution of civil case 384 of 2015 back to lower [state] court and lifting a stay of proceedings in a jurisdiction where the denial of due process of law allows "dirty tricks" and "bar room lawyer tactics" to weigh more heavily in the balance of justice than honesty and simplicity, where non-compliance with Constitutional, Federal and State laws is valued over full

4

cooperation and respect for the court and its officials, and where "judge shopping" for the only judge who would allow malicious prosecution of the innocent Appellant to deny Appellant's rights to Discovery is achieved, thus preventing a "fair" and "just" resolution, but more substantively and materially, damaging Appellant's life, liberty, and happiness.

. . . .

More specifically, this appeal requests the Middle District Court of Pennsylvania retain those claims in the original filing of civil case 384 of 2015 in which the Federal Government has a stake; Federal Income Taxes, Social Security and Chapter 7 Bankruptcy numbering among them. The same causes of actions for filing this appeal to reverse the Motion for Remand and Lift the Stay remain the same as those for his filing the Notice to Remove, namely, Federal Question 28 U.S.C. Constitutional Amendment 14 – Right to Due Process of Law and 28 U.S.C. 1332 (a)(2) – Diversity of Citizenship; Amount in Controversy, Cost – both of which the Bankruptcy court ruling of July 25th, 2018 erred by overlooking in its ruling granting remand.

(*Id.* at 8-9.)

This Court finds that the Bankruptcy Court did not abuse its discretion by remanding the marital proceedings to state court. Bankruptcy Judge Opel's Remand Order relied on his decision to permissively abstain from the marital proceedings that had been removed to Bankruptcy Court by Appellant. *See In re Topfer*, 587 B.R. at 632. Courts in the Third Circuit have employed either a seven-factor or twelve-factor test to determine whether permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate. *Compare Jazz Photo Corp. v. Dreier LLP,* 2005 WL 3542468, at *7 (D.N.J. December 23, 2005) (seven-factor test) *with Bricker v. Martin,* 348 B.R. 28, 34 (W.D. Pa. 2006) (twelve-factor test). The factors in each set are "substantially similar," and for either set used, "[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of

each case, and no one factor is necessarily determinative." *Shalom Torah Centers v. Philadelphia Indem. Ins. Companies,* 2011 WL 1322295, at *4 (D.N.J. Mar. 31, 2011). Further, "not all the factors necessarily need to be considered." *Monmouth Investor, LLC v. Saker,* 2010 WL 143687, at *4 (D.N.J. Jan. 12, 2010). The pertinent caselaw demonstrates that bankruptcy courts have considerable discretion to decide whether to abstain under section 1334(c)(1). *See, e.g., P & G Realty Corp. v. Erenberg,* 157 B.R. 239, 242 (Bankr. W.D. Pa.1993); *Civic Center Cleaning v. Reginella Corp.,* 140 B.R. 374 (W.D. Pa 1992); *In re Southwinds Assocs. Ltd.,* 115 B.R. 857, 861 (Bankr. W.D. Pa. 1990).

In this case, the Bankruptcy Court utilized the twelve-factor test: (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-Bankruptcy Court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in Bankruptcy Court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties. *See In re Topfer,* 587 B.R. at 632; *see also In re D'Angelo,*

475 B.R. 424, 440-442 (Bankr. E.D. Pa. 2012), *aff'd,* 491 B.R. 395 (E.D. Pa. 2013) (outlining the twelve factors to consider).

Considering the first factor, the effect on the efficient administration of the estate, this Court agrees with the Bankruptcy Court that its "hearing the Divorce Action would delay administration of the estate while [it] became familiar with the Divorce Action and conducted the necessary hearings to adjudicate the matters at issue therein." *In re Topfer*, 587 B.R. at 633. Additionally, considering the second factor, the extent to which state law issues predominate over bankruptcy issues, the Bankruptcy Court correctly found that "[t]he Divorce Action will be decided under provisions of the Pennsylvania Divorce Code and Pennsylvania Common Law." *Id*. Considering the fourth factor, the presence of a related proceeding commenced in state court or other non-Bankruptcy Court, the Bankruptcy Court noted that:

> "[t]he Divorce Action clearly precedes the bankruptcy filing by more than three years. And, prior to the bankruptcy filing, it had progressed to the eve of a determination as to equitable distribution and other marital issues. Further, the State Court has substantial experience in adjudicating divorce actions.

*Id.*

As "comity is a significant consideration in permissive abstention," *In re Kessler,* 430 B.R. 155, 167 (Bankr. M.D. Pa. 2010), the presence of a related state proceeding that was nearing completion weighs in favor of permissive abstention. Although Bankruptcy Judge Opel's finding as to the third factor that "the applicable state law is neither particularly

difficult nor unsettled," *In re Topfer*, 587 B.R. at 633, weighs against permissive abstention, factors one, two, and four strongly outweigh factor three.

Considering the fifth factor, the jurisdictional basis, if any, other than 28 U.S.C. § 1334, the Bankruptcy Court properly determined that the only basis for jurisdiction on the part of the Bankruptcy Court was 28 U.S.C. § 1334. *See In re Topfer,* 587 B.R. at 633; *see also In re Asousa P'ship,* 264 B.R. 376, 392 (Bankr. E.D. Pa. 2001) (lack of independent jurisdiction weighs in favor of abstention). Therefore, the Bankruptcy Court was proper in concluding that this factor weighs in favor of permissive abstention.

Considering the sixth factor, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, this Court agrees with the Bankruptcy Court that this factor is neutral with respect to permissive abstention. *See In re Topfer,* 587 B.R. at 634. Although the distribution of Appellant's assets and liabilities could have some impact on Appellant's bankruptcy estate, the Bankruptcy Court aptly noted that the divorce action "will be decided without reference to the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure." *Id.*

Considering the seventh factor, the substance rather than the form of an asserted "core" proceeding, the Bankruptcy Court correctly stated that it had no core jurisdiction pertaining to the divorce action other than for the purpose of considering mandatory abstention. *Id.*; *see also In re Drauschak*, 481 B.R. 330, 339-40 (Bankr. E.D. Pa. 2012) (citing *In re Exide Technologies*, 544 F.3d 196, 206 (3d Cir. 2008) (explaining the standard

8

for considering whether claims are considered core or non-core proceedings). The Bankruptcy Court properly noted that, "considering the Divorce Action without reference to the [Relief from Stay] Motion, [the Bankruptcy Court has] only non-core, related jurisdiction with respect to the Divorce Action." *In re Topfer*, 587 B.R. at 628; *see also Halper v. Halper*, 164 F.3d 830, 839 (3d Cir. 1999) (noting that, with a mixture of core and non-core claims, the claims should each be separately analyzed to determine if they are core or non-core). The Bankruptcy Court was therefore correct in concluding that this factor weighed in favor of permissive abstention.

Considering the eighth factor, the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court, the Court agrees with the Bankruptcy Court that it is "quite feasible to grant relief from the stay to allow the State Court to decide the marital issues in the Divorce Action" and that "[t]he relief from stay order can also provide that no monetary claims can be asserted against Kurt or property of the estate, except through the claims allowance process, or pursuant to further order." *In re Topfer*, 587 B.R. at 634. In many instances, it may be appropriate to abstain from determining the liability of a claim while reserving the right to determine "any issues relating to the administration of any funds accruing to the estate, or any resulting claim asserted against the estate." *In re Republic Reader's Service, Inc.,* 81 B.R. 442, 430 (Bankr. S.D. Tex. 1987). This factor thus weighs in favor of permissive abstention.

Considering the ninth factor, the burden on the Bankruptcy Court's docket, the Bankruptcy Court appropriately recognized that both the state court and the Bankruptcy Court have active dockets and that both courts could address the Divorce Action in due time. *See In re Topfer,* 587 B.R. at 634. The Bankruptcy Court nonetheless found that, given the state court's years of history with the marital proceeding, the state court would more promptly decide the action. *Id*. Therefore, the Bankruptcy Court reasonably found that this factor weighs slightly in favor of permissive abstention.

Considering the tenth factor, the likelihood that the commencement of the proceeding in Bankruptcy Court involves forum shopping by one of the parties, upon review of the transcript, the Court agrees with the assessment of the Bankruptcy Court that Appellant's "argument at the consolidated hearing consisted of his complaining about procedures and dispositions in the Divorce Action in State Court" and that "the Removal Notice requested that the Divorce Master's Report and Recommendation 'be vacated in its entirety.'" *In re Topfer*, 587 B.R. at 634; *see also* Case No. 5:18-ap-00066 at Doc. 1 ¶ 7. Although the Bankruptcy Court acknowledged that it does "not have an extensive factual record to develop this issue," *id*., such admissions on the part of Appellant are a sufficient basis to indicate that Appellant may, "in fact, [be] seeking a better result by shopping around." *In re Valley Media, Inc.,* 289 B.R. 27, 32 (Bankr. D. Del. 2003). The Bankruptcy Court's determination that Appellant's possible attempts at forum-shopping in this case also weighs in favor of permissive abstention.

Considering the eleventh factor, the existence of a right to a jury trial, the Bankruptcy Court correctly noted that there is no common law right to a jury trial in a divorce action in Pennsylvania. *In re Topfer*, 587 B.R. at 634; *see also Roe v. Roe,* 31 Pa. D. & C.2d 460, 461 (Ct. Comm. Pl. 1963) (internal quotations and citations omitted). Therefore, this factor weighs against permissive abstention.

Finally, considering the twelfth factor, the presence of non-debtor parties, the Bankruptcy Court weighed this factor in favor of permissive abstention. Upon review, the Bankruptcy Court was correct in noting that Appellee "[was] the only non-debtor party in the Divorce Action" and that the trustee advised "that he merely intended to monitor the Divorce Action, should it be remanded to State Court." *In re Topfer*, 587 B.R. at 634-635.

In sum, nine factors weigh in favor of abstention (1, 2, 4, 5, 7, 8, 9, 10, and 12), two factors weigh against abstention (3 and 11), and one factor is neutral (6). The Bankruptcy Court, applying the twelve factors test, noted that "[s]ome factors are more substantial than others, such as the effect on the administration of the estate, whether the claim involves only state law issues, and whether the proceeding is core or non-core under 28 U.S.C. § 157," quoting *In re Fruit of the Loom, Inc.,* 407 B.R. 593, 600 (Bankr. D. Del. 2009). Thus, the Bankruptcy Court appropriately found that "both comity and judicial economy will be served by permissive abstention." (Case 5:18-bk-01966 at Doc. 23 at 19.) Therefore, having considered the weight of certain factors relative to others, *id.*, the Bankruptcy Court properly

concluded that permissive abstention was warranted in this instance. The Court finds that the Bankruptcy Court's decision to abstain was reasonable and not an abuse of discretion.

## B. Appellant's Motions

Appellant has nine pending motions before this Court that are ripe for disposition. (*See* Docs. 8, 19, 24, 26, 27, 28, 29, 30, and 32.) Many of Appellant's motions bear little or no relation to the Appellant's original Notice of Appeal (Doc. 1) challenging Bankruptcy Judge Opel's Remand Order. For the reasons explained more fully below, the Court will grant Appellant's first request for a continuance (Doc. 8) and will deny each of the remaining motions (Docs.19, 24, 26, 27, 28, 29, 30, and 32).

Appellant's first pending motion is his "Motion for Retroactive Continuance" filed on August 29, 2018. (Doc. 8.) Through this motion, Appellant "requests [that the] Middle District Court grant a Continuance retroactive from August 25th, 2018, and an extension of a limited two-day Continuance ending September 1st, 2018." (*Id*. at 1.) The Court has fully considered Appellant's challenge of the Bankruptcy Court's decision to remand the marital proceedings to state court, and in doing so has considered all of Appellant's filings that are related to this issue, this motion therefore will be granted.

Appellant's second pending motion requests a "TRO/Preliminary Injunction to Stay Proceedings in State Court Immediately Expediting Review Requested." (Doc. 19.) In this motion, Appellant requests

> an emergency hearing before a District Magistrate Judge to review evidence
> and hear testimony supporting enacting a limited stay on lower court

proceedings, effective immediately, involving civil case 384 of 2015 (claims in equitable distribution), because denial of due process of law – **Constitutional Amendment 14** – in lower court is causing irreparable harm to himself, as well as negatively compromising the payback plan of his Chapter 7 Bankruptcy case and his appeal of a July 25th, 2018 to a Bankruptcy court order, which had remanded the civil case back to lower court and lifted the stay."

(*Id*. at 1) (bold in original).

Because this Court will affirm the Bankruptcy Court's decision to remand the marital proceedings to state court, this motion will be denied as this Court, having affirmed the Bankruptcy Court's remand of Appellant's divorce proceedings, is without jurisdiction to issue injunctive relief in that forum.

Appellant's third pending motion filed on October 5, 2018, requests the "Appointment of a Pro Bono Attorney" (Doc. 24). Appellant asks that the Court grant his application for participation in the Cooperative Pro Bono Attorney Program so that he may have legal assistance with his Chapter 7 Bankruptcy Protection case. (*Id*. at 1.) Finding that Bankruptcy Judge Opel's Remand Order was not an abuse of discretion and that Appellant's Chapter 7 proceedings have terminated by the filing of the Chapter 7 Trustee's Final Account and Distribution Report (Case No. 5:18-bk-01966 at Doc 221), to the extent that Appellant's Motion seeks the appointment of counsel in the bankruptcy proceedings, this Court is without jurisdiction to appoint counsel in another court of competent jurisdiction. Further, this Court expresses no opinion as to whether Appellant would be entitled to the appointment of pro bono counsel. Therefore, Appellant's motion for "Appointment of a Pro Bono Attorney" (Doc. 24) will be denied.

Appellant's fourth pending motion is a motion filed on December 24, 2018, for

"Immediate Preliminary Relief from Undue Hardship Pursuant to 11 U.S. Code 363 – Use,

Sale, or Lease of Property Federal Rule 24. Intervention (A) Intervention of Right 11 U.S.

Code 1121 – Who May File a Plan." (Doc. 26.) Because the Court will affirm the Bankruptcy

Court's decision to remand the marital proceedings to state court, Appellant's request that

"the Bankruptcy court order interim partial distribution of the estate's liquid assets" (Doc. 26

at 2) will be denied accordingly, as the Bankruptcy Court has properly relinquished

jurisdiction in connection with the parties' divorce proceedings as explained at length herein.

Appellant's fifth pending motion is a "Notice of Appeal and Statement of Election"

(Doc. 27) filed on January 9, 2019 that pertains to the Bankruptcy Court's "Judgement under

303(i) of Bankruptcy Code." The appeal before the Court relates to the Bankruptcy Court's

decision to remand the marital proceedings to state court. This separate notice of appeal is

not before the Court and was not filed as a separate appeal. *See In re Ohannes*

*Karamoussayan*, 656 B.R. 652, 665 at n.12 (B.A.P. 1st Cir. 2024) (noting that a failure to

raise or identify issues in the debtor's initial notice of appeal or statement of issues

constituted a waiver of those issues). Therefore, the Court will deny this motion accordingly.

Appellant's sixth pending motion was filed on January 11, 2019, and is a "Statement

for the Appeal of January 3rd, 2018, Order Judgment for Bankruptcy Code 330(i)." (Doc. 28.)

For the same reasons explained *supra* with respect to Appellant's fifth pending motion, this

motion will be denied.

Appellant's seventh pending motion was also filed on January 11, 2019, and is a request for "Immediate Preliminary Relief from Undue Hardship Pursuant to 11 U.S. Code 363." (Doc. 29.) The motion is a photocopied duplicate of Appellant's fourth pending motion (Doc. 26) with various portions of the original motion blacked out. (*Id.*) For the same reasons explained *supra* with respect to Appellant's fourth pending motion, the Court will deny this motion accordingly.

Appellant's eighth pending motion is a "Motion for Special Emergency Relief: Stay of Bankruptcy Court Proceedings" filed on February 22, 2019. (Doc. 30.) The appeal before the Court relates to the Bankruptcy Court's decision remanding the marital proceedings to state court. This motion relating to a stay of Appellant's separate Bankruptcy Court proceedings is not before the Court and was not filed as a separate appeal. *See In re Ohannes Karamoussayan*, 656 B.R. at 665 n.12. Therefore, having found that the Bankruptcy Court did not err with respect to its decision to remand the marital proceedings to state court, this motion to stay will be denied.

Appellant's ninth pending motion is a motion for a "Retroactive Continuance" filed on March 4, 2019. (Doc. 32.) In his motion, Appellant "requests permission to file his Designation of the Record and Statement of the Case" for issues that are separate from Bankruptcy Judge Opel's Remand Order. (Doc. 32 at 2.) Because the Court has fully considered Appellant's challenge to Bankruptcy Judge Opel's decision to remand the martial proceedings to state court, this motion will be denied accordingly.

The Court has considered each of Appellant's pending motions. (*See* Docs. 8, 19, 24, 26, 27, 28, 29, 30, and 32.) Aside from Appellant's first pending motion requesting a continuance (Doc. 8), each of the motions must be denied, as this Court will affirm the Bankruptcy Court's decision to remand the at-issue marital proceedings to state court and many of the issues raised in Appellant's motions do not relate to the basis of his appeal.

## V. CONCLUSION

For the reasons explained herein, the Court will deny Appellant's appeal, affirm the Bankruptcy Court's order remanding Appellant's marital proceedings to state court and will deny each of Appellant's pending motions (Docs. 19, 24, 26, 27, 28, 29, 30, and 32) except for his first pending motion requesting a continuance (Doc. 8). An appropriate Order is filed simultaneously with this Opinion.

Robert D. Mariani
United States District Judge